UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ABRAHAM MISENER,

    Plaintiff,

  v.         CAUSE NO.: 3:20-CV-269-RLM-MGG

MARSHALL COUNTY SHERIFF
DEPT, et al.,

    Defendants.

OPINION AND ORDER

  Michael Abraham Misener, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

  Mr. Misener alleges that, since his August 15, 2019 arrival at the Marshall County Jail, Sheriff Hassel and Jail Holcomb have subjected him to overcrowded conditions and assigned to sleep on the floor without a cot or bunk or near toilets

or showers as other inmates used them. He was also deprived of showers and recreation time from August 15 to August 21. Because Mr. Misener is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. See Mulvania v. Sheriff of Rock Island Cty., 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." Id. "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Mr. Misener states a plausible Fourteenth Amendment claim against Sheriff Hassel and Bo Holcomb.

Mr. Misener also names the Marshall County Sheriff's Department as a defendant. In some areas of law, employers are liable for some wrongful conduct by employees, but that isn't the law in cases brought under § 1983. Gayton v. McCoy, 593 F.3d 610, 622 (7th Cir. 2010). To pursue a claim under § 1983 against a local governmental entity, a plaintiff must show that his constitutional injury was the result of that entity's official policy or practice. Rice ex rel. Rice v.

Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). Because Mr. Misener alleges that the Marshall County Sheriff's Department maintained a policy or practice of assigning inmates to sleep on the floor, he may proceed on a claim against that defendant.

Mr. Misener also seeks injunctive relief to remedy the overcrowded conditions at the Marshall County Jail. Counsel from the American Civil Liberties Union are already pursuing this claim on his behalf in a class action lawsuit in Miller v. Marshall County, 3:19-cv-842 (N.D. Ind. filed Sept. 26, 2019), so the court declines to allow Mr. Misener to proceed on this claim in this case. See McReynolds v. Merrill Lynch & Co., 694 F.3d 873, 888–89 (7th Cir. 2012) ("The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court.").

For these reasons, the court:

(1) GRANTS Michael Abraham Misener leave to proceed on a Fourteenth Amendment claim for money damages against Sheriff Hassel and Sergeant Holcomb for subjecting him to overcrowded conditions since August 15, 2019;

(2) GRANTS Mr, Misener leave to proceed on a Fourteenth Amendment claim against the Marshal County Sheriff's Department for maintaining a policy or practice of assigning inmates to sleep on the floor;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff Hassel, Sergeant Holcomb, and the Marshall County

Sheriff's Department at the Marshall County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Hassel, Sergeant Holcomb, and the Marshall County's Sheriff Department to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Michael Abraham Misener has been granted leave to proceed in this screening order.

SO ORDERED on June 1, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT